UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| MAKEBA C. ATKINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No.   5:25-cv-00594-LCB |
| SHERRY HUDDLESTON, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Vincent Makeba Atkins, proceeding *pro se*, filed a Complaint against Sherry Huddleston, her former supervisor[1] and the EV 70 Deputy Division/Chief/EV 73 Acting Branch Chief for the National Aeronautics and Space Administration (NASA) in Huntsville, Alabama, for violations of the Family Medical Leave Act (FMLA), Federal Employee Paid Leave Act (FEPLA) (Public Law 116-92), "Ethical Conduct for Employees of the Executive Branch," and "Office of Government Ethics, 5 CFR Part 2635 RIN 3209-AA43."  (Doc. 1, at 1-3, 8-9).

Atkins alleges that on August 1, 2024, Huddleston

> issued targeted threats against [her], created a hostile work environment, and undermined [her] ability to exercise her federally protected rights under the FMLA.  Ms. Huddleston further demonstrated discriminatory intent by stating that her personal decision

---

[1] Though Atkins's Complaint does not clearly state whether she retains her employment, she states in her motion to proceed in forma pauperis that she became unemployed in March 2025.  (Doc. 2, at 3).

>to avoid caregiving responsibilities for her terminally ill husband informed her expectation that employees under her supervision should fully dedicate themselves to work.

(Doc. 1, at 8). Huddleston also issued Atkins a formal warning for excessive absences despite the fact that Atkins was on approved FMLA leave.

>Huddleston's actions
>
>discouraged Ms. Atkins from utilizing leave types, including her federally protected FMLA leave, to the extent that she ceased attending essential medical appointments. This resulted in physical illness and depression that impaired [Atkins's] exceptional work performance. [Atkins] feels robed of time necessary to care for her family member, as Ms. Huddleston's ongoing harassment and leave restrictions left her unable to fulfill these obligations.

(*Id*.). Atkins asserts other supervisors within her organization "allowed employees to utilize FMLA leave for consecutive years without reprimand, yet Ms. Huddleston subjected Ms. Atkins to undue scrutiny and targeted harassment." (*Id*.).

Atkins claims Huddleston's actions constituted unlawful interference with her FMLA rights, unlawful retaliation and discrimination under the FMLA, and unlawful personal bias and interference with Atkins's ability to utilize FMLA leave. (*Id.* at 8-9).

Atkins also claims Huddleston's actions violated the "Federal Employee Paid Leave Act (Public Law 116-92)[, which] entitles federal employees to 12 administrative workweeks of Paid Parental Leave (PPL). Ms. Huddleston's actions

2

effectively denied the Plaintiff her right to use this leave freely and without harassment." (*Id*. at 9).

As relief for her claims, Atkins requests: (1) $33,000 to cover the value of 12 weeks of parental leave; (2) "[r]eimbursement of $20,000 for 16 hours of unpaid time and resources used defending herself"; (3) $142,659 for emotional distress, professional harm, and career loss; (4) reimbursement of medical expenses; and (5) "[f]ormal acknowledgment by the Court of Ms. Huddleston's violations, ensuring federal workplace standards are upheld to prevent future retaliation." (*Id*. at 9; *see also id*. at 4 (requesting "Legal Fees, Medical Fees, Pain and suffering, and loss of employment amounting to $195,659")).

Atkins also filed a motion for leave to proceed *in forma pauperis* and for appointment of an attorney. (Doc. 2). The court **GRANTS** Atkins's motion to proceed *in forma pauperis* but **DENIES** her motion for appointment of an attorney. However, for the reasons set out herein, the court **DISMISSES** this action **WITH PREJUDICE** for lack of jurisdiction and failing to state a claim on which relief can be granted.

Title 28 U.S.C. § 1915 provides, in relevant part:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> * * * * *

3

      (B) the action or appeal--
          (i) is frivolous or malicious; [or]
          (ii) fails to state a claim on which relief may be granted; .

. . .

In conducting its review of Atkins's complaint, the court is mindful that complaints by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys and subject to liberal construction. *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1285 (11th Cir. 2024) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, the court may not "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

According to the Eleventh Circuit, the FMLA does not grant a private right of action to federal employees. *Armstrong v. United States*, No. 21-10200, 2021 WL 6101492, at *1 (11th Cir. Dec. 21, 2021) (citing 5 U.S.C. §§ 6381-87) ("Title II of the FMLA grants federal employees the right to leave from work but does not provide a private cause of action to address FMLA violations."); *see also Cavicchi v. Sec'y of Treasury*, No. 04-10451, 2004 WL 4917357, at *6 (11th Cir. Oct. 15, 2004) (citing 29 U.S.C. § 2617(a)(2); 5 U.S.C. §§ 6381-6387) ("Title I [of the

FMLA] expressly creates a right of action for private employees . . . ; however, Title II[, which governs federal employees,] does not contain an analogous provision."); *Harper v. Wormuth*, No. CV423-104, 2023 WL 7009887, at *2 (S.D. Ga. Oct. 3, 2023), *report and recommendation adopted*, No. CV423-104, 2023 WL 7004970 (S.D. Ga. Oct. 24, 2023) ("Courts have recognized that FMLA claims against the Secretary of the Army brought by civilian employees are properly dismissed for lack of subject matter jurisdiction."); *Kinlocke v. McDonough*, No. 1:22-CV-01490-WMR-RGV, 2023 WL 6614446, at *11 n.13 (N.D. Ga. Feb. 21, 2023), *report and recommendation adopted*, No. 1:22-CV-01490-WMR-RGV, 2023 WL 6614444 (N.D. Ga. May 17, 2023), *appeal dismissed sub nom. Kinlocke v. Sec'y, U.S. Dep't of Veterans Affs.*, No. 23-13224-B, 2023 WL 10553973 (11th Cir. Nov. 17, 2023) (citations omitted) ("[T]o the extent her complaint could be construed as bringing a claim pursuant to the FMLA, it is due to be dismissed, since Kinlocke . . . 'is considered a Title II employee for purposes of the FMLA,' but Congress has not "provided a private right of action . . . for Title II FMLA employees.'" (second ellipsis in original)).   Absent "an 'unequivocal' expression of Congressional intent" to waive the United States' sovereign immunity, the federal courts lack jurisdiction to hear a statutory claim.  *Cavicchi*, 2004 WL 4917357, at *6 (citing *Franconia Assocs. v. United States,* 536 U.S. 129, 141 (2002)); *see also Armstrong*, 2021 WL

6101492, at *1 ("Title II of the FMLA does not provide a private cause of action, so the United States has not waived its sovereign immunity to FMLA claims.").[2] Accordingly, the court lacks jurisdiction over Atkins's FMLA claim.

As other district courts within this Circuit have held, that conclusion also extends to Atkins's FEPLA claim. *Sharmia-Washington v. Garland*, No. 5:23-CV-166-TKW-MJF, 2024 WL 3841992, at *2 (N.D. Fla. Feb. 2, 2024) ("[T]he FEPLA does not provide a private right of action for federal employees because that act was codified in the same statute that was at issue in *Armstrong.*"); *Marshall v. Del Toro*, No. 5:23-CV-155-TKW-MJF, 2023 WL 9227934, at *5 (N.D. Fla. Nov. 17, 2023) ("Although *Armstrong* was decided before the FEPLA was enacted, the FEPLA was

---

[2] More concretely, the FMLA provides that the term "'eligible employee' does not include . . . any Federal officer or employee covered under subchapter V of chapter 63 of title 5." 29 U.S.C. § 2611(2)(A)(1); *see also* 29 C.F.R. § 825.109(a) ("Most employees of the government of the United States, if they are covered by the FMLA, are covered under Title II of the FMLA (incorporated in Title V, Chapter 63, Subchapter 5 of the United States Code) which is administered by the U.S. Office of Personnel Management (OPM)."). As a result:

> Although Titles I and II of the FMLA grant similar leave rights to private sector and federal civil service employees, respectively, Title II does not authorize a private right of action for federal employees to enforce those rights or waive the government's sovereign immunity against such suits. The exclusive remedy for civil service employees covered by Title II of the FMLA lies under the Civil Service Reform Act. Employees must pursue their claims through grievance procedures or agency management. In the event of an adverse decision, the employee may appeal to the Merit Systems Protection Board, with judicial review available in the Court of Appeals for the Federal Circuit. Such claims may not be reviewed in district court under the Administrative Procedure Act.

THE FAMILY AND MEDICAL LEAVE ACT, ch. 2. § III.A.2 (William Bush & James M. Paul, eds. 2020) (ebook) (footnotes omitted).

codified within the same statute that was construed in *Armstrong* (5 U.S.C. § 6382) and nothing in the FEPLA suggested that it created a new private right of action or that it otherwise waived the federal government's sovereign immunity from suit. Thus, there is no reason why the holding in *Armstrong* does not apply with equal force to claims under the FEPLA.").

Even if sovereign immunity did not provide a jurisdictional bar to Atkins's claims under the FMLA and FEPLA, she cannot assert a viable claim under either statute against Huddleston. Those statutes permit a claim only against an "employer," and NASA, not Huddleston, was Atkins's employer. *See Dawkins v. Fulton Cnty. Gov't*, 733 F.3d 1084, 1090 (11th Cir. 2013) ("As to the individual defendants, the district court correctly held in accordance with our prior decision in *Wascura v. Carver,* 169 F.3d 683 (11th Cir. 1999), that public officials sued in an individual capacity were not employers subject to individual liability under the FMLA."). Accordingly, even if this court had jurisdiction over Atkins's statutory claims, those claims would fail to state a claim upon which the court could grant relief.

Atkins also cites "Ethical Conduct for Employees of the Executive Branch," and "Office of Government Ethics, 5 CFR Part 2635 RIN 3209-AA43," the federal regulation that governs Standards of Ethical Conduct for Employees of the

Executive Branch. However, "[t]hese regulations also do not create a private right of action." *Freeman v. Raytheon Techs. Corp.*, No. 23-1133, 2024 WL 1928463, at *6 n.6 (10th Cir. May 2, 2024) (citing 5 C.F.R. § 2635.106(c) ("A violation of this part or of supplemental agency regulations, as such, does not create any right or benefit, substantive or procedural, enforceable at law by any person against the United States, its agencies, its officers or employees, or any other person. Thus, for example, an individual who alleges that an employee has failed to adhere to laws and regulations that provide equal opportunity regardless of race, color, religion, sex (including pregnancy, gender identity, and sexual orientation), national origin, age, genetic information, or disability is required to follow applicable statutory and regulatory procedures, including those of the Equal Employment Opportunity Commission.")); *see also Atkins v. Stivers*, No. 21-5798, 2021 WL 7084872, at *2 (6th Cir. Dec. 16, 2021) ("Atkins next complains that the defendants have violated 5 C.F.R. §§ 2635.704-05 (1997), which address ethical violations by executive employees. Even assuming these provisions apply to the judiciary, there is no private right of action to enforce their violation. 5 C.F.R. § 2635.106(c) (1997).").

Because Atkins has asserted no viable basis for relief, and no basis for the assertion of federal subject matter jurisdiction, the court will **DISMISS** this action **WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B). The court will enter a

separate Final Judgment.

      **DONE** and **ORDERED** May 27, 2025.

                                    **LILES C. BURKE**
                                    UNITED STATES DISTRICT JUDGE